## STATE, DEPARTMENT OF PUBLIC SAFETY, v. JULIUS FERDINAND HELD.

246 N. W. 2d 863.

November 5, 1976—No. 46192.

*Robins, Meshbesher, Singer & Spence* and *Kenneth Meshbesher,* for appellant.

*Warren Spannaus,* Attorney General, and *Bernard E. Johnson,* Special Assistant Attorney General, for respondent.

Considered and decided by the court without oral argument.

TODD, JUSTICE.

This is an appeal from an order of the Hennepin County District Court sustaining the revocation of defendant's driver's license under Minn. St. 169.123 for his refusal to submit to chemical testing. Defendant raises two issues on appeal: (1) whether his refusal was reasonable because the police failed to explain adequately the requirements of the implied consent law, and (2) whether police improperly refused to allow him a private telephone conversation with his attorney before requiring him to decide whether to submit to testing. After careful consideration, we affirm.

Defendant was lawfully stopped by the highway patrol and, after failing the preliminary screening test, was detained and taken to the Minneapolis Police Department where the provisions of the implied consent law were administered to him by a Minneapolis police officer. When asked to submit to a blood or breath test, defendant responded that he had already taken a breath test and that he did not have to take another one. Defendant's contention is that the police officer did not attempt to clear up his confusion on this point. If this were true, then defendant's argument that his refusal was reasonable would have merit. See, State, Department of Public Safety, v. Lauzon, 302 Minn. 276, 224 N. W. 2d 156 (1974). However, the record shows that the officer did attempt to clear up defendant's confusion by informing him several times that the test he had taken was a preliminary screening test and that he still had to take either a blood test or a breath test if he wanted to avoid having his license revoked.

Defendant's second contention is that the revocation order must be reversed because the police refused to allow him a private telephone conversation with his attorney before requiring him to decide whether to submit to testing. Recently, in Prideaux v. State, Department of Public Safety, 310 Minn. 405, 247 N. W. 2d 385 (1976), we held that when police arrest a driver for allegedly violating Minn. St. 169.121, then under Minn. St. 481.10 they must accede to any timely request by the driver for permission to telephone his attorney before deciding whether to submit to testing. In this case, the police did accede to defendant's timely request that he be permitted to telephone counsel. The issue is whether the police had a further obligation to permit the call to be made from a private booth or room. Bearing in mind that many police departments may not have private phone booths or rooms suitable for such use, and the potential security problems involved, we decline to impose such a requirement. We believe that the driver's rights are sufficiently safeguarded by a rule which forbids the use in evidence of any statements made by defendant to his counsel over the telephone which are overheard by police. Such a rule fully satisfies the privacy requirement of Minn. St. 481.10, the provision on which the Prideaux decision was based.

Affirmed.