**Joel Francis SHOVEIN, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C4–84–379.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

James R. Forsythe, Streater, Murphy, Gernander, Beerling & Forsythe, Winona, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., without oral argument.

## OPINION

LANSING, Judge.

This is an appeal from an order rescinding the Commissioner of Public Safety's revocation of Joel Francis Shovein's driving privileges pursuant to Minn.Stat. § 169.123 (1982 & Supp.1983), the implied consent statute. The court rescinded the revocation on the ground that Shovein's refusal to take a breath test was reasonable because he was impermissibly denied an opportunity to make a private telephone call to his attorney. Shovein failed to file a brief in this court and, therefore, this appeal is determined pursuant to Minn.R.Civ.App.P. 142.03. We reverse.

## FACTS

Joel Shovein was arrested by Winona County deputy sheriffs for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121 (1982 & Supp.1983).

He was taken to the Winona Law Enforcement Center (LEC) and allowed to use a telephone in the booking room to call an attorney before deciding whether to submit to a breath test. After approximately 30 to 45 minutes (most of the time spent trying to reach an attorney), Shovein reached attorney James Forsythe. Shovein then requested privacy to talk to him, which one of the two deputies in the room refused.

The Winona LEC booking room is approximately 18 by 18 feet. It is connected to a locker room and has a window on the same wall as the telephone. The window looks onto a hallway between the booking room and the dispatch area. Video equipment, medical supplies, prisoners' money, and keys to the jail area are kept in the booking room, and the door locks from the inside.

## ISSUE

Did respondent have reasonable grounds to refuse a breath test because he was denied a private telephone conversation with his attorney?

## ANALYSIS

Respondent Shovein had a right under Minn.Stat. § 169.123, subd. 2(b)(3) (Supp.1983) [1] to consult with an attorney before deciding whether to take a breath test as long as the consultation did not "unreasonably delay" administration of the test. This right was recognized by the Minnesota Supreme Court in *Prideaux v. State, Department of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1976). The right is based on the general statutory right of a restrained person to consult an attorney. *See* Minn.Stat. § 481.10 (1982). This right is vindicated if the arrested person is provided with a telephone before testing and given a reasonable time to contact and talk with counsel. *Prideaux*, 310 Minn. at 421, 247 N.W.2d at 394.

[1.] Section 169.123, subd. 2(b), was recently amended. It now provides a right to consult with an attorney only after the arrested driver has submitted to testing. 1984 Minn.Laws ch. 622, § 10.

In *State, Department of Public Safety v. Held*, 311 Minn. 74, 246 N.W.2d 863 (1976), the court addressed the question of whether the police had an obligation to permit the call to be made from a private room or booth. The court rejected the contention, stating:

> Bearing in mind that many police departments may not have private phone booths or rooms suitable for such use, and the potential security problems involved, we decline to impose such a requirement. We believe that the driver's rights are sufficiently safeguarded by a rule which forbids the use in evidence of any statements made by defendant to his counsel over the telephone which are overheard by police. Such a rule fully satisfies the privacy requirement of Minn.St. 481.10, the provision on which the Prideaux decision was based.

*Id.* at 76, 246 N.W.2d at 864.

Shovein argues, and the trial court agreed, that this right was enlarged by the Minnesota Supreme Court in *State, Department of Public Safety v. Kneisl*, 312 Minn. 281, 251 N.W.2d 645 (1977), to include a right to a private telephone conversation with an attorney if a secure, private area is available. In holding that a private conference must be permitted if an attorney arrives at the jail within a reasonable time, the court stated:

> If security permits and a private room is available, it should be provided to counsel. If such a facility is unavailable or impermissible under the circumstances, counsel should be allowed to confer with his client out of the earshot of others in the room.

*Id.* at 286–87, 251 N.W.2d at 649. The holdings in *Kneisl* and *Held* are based on the same rationale—that the degree of privacy to be accorded a defendant in conferring with an attorney, whether by telephone or in person, depends on the security of the available facilities.

In this case the officers would have had to leave the booking room and observe Shovein through a glass window. The door to the booking room locked from the inside. The room contained medical supplies, expensive equipment, jail keys, and prisoners' personal property. In order for the police to observe Shovein, he would have had to voluntarily stand and face the window.

 The trial court's order for rescission did not contain findings of fact. The record does not support a determination that the room was secure enough to permit a private telephone call. We find that Shovein's refusal to take a breath test was not based on reasonable grounds and therefore is not a defense for his refusal to take a breath test. Here, as in *Held*, the driver's rights are sufficiently safeguarded by the rule forbidding the use in evidence of any statements made by a defendant to counsel over the telephone which are overheard by police.

## DECISION

We reverse the trial court's order rescinding the revocation of respondent's driver's license.

Reversed.