**James Irvine McCANN,
petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C2–84–1286.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

James Irvine McCann, Minneapolis, respondent, pro se.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

The Commissioner of Public Safety appeals from an order of the trial court rescinding the revocation of respondent James Irvine McCann's driver's license. McCann's license had been revoked for refusing to consent to a chemical test of his breath after he was arrested for D.W.I. The trial court rescinded the revocation of respondent's driver's license on the theory that the police officer violated respondent's right to counsel by ignoring respondent's request to contact an attorney. We affirm.

## FACTS

At about 1:30 a.m. on December 30, 1983, a New Brighton police officer stopped respondent after respondent made an erratic stop at a stop sign. Following subsequent observations, respondent was placed under arrest for D.W.I. Respondent was placed in the squad car next to another person who had also been arrested for D.W.I. Respondent was taken to the St. Paul police station and placed in a holding cell. Meanwhile the other individual who had been transported with respondent was taken for chemical testing. While respondent was in the holding cell he told the arresting officer he wanted to see his attorney. This request apparently was ignored. When he was taken by the arresting officer to the interview room, respondent again asked to call his lawyer, and his request was ignored. After respondent was taken into the interview room for his reading of the advisory consent form, he refused to cooperate in the testing process.

## ISSUE

Did the trial court err in determining that respondent's right to counsel was violated?

## ANALYSIS

■ 1. The trial court believed respondent's testimony about his requests for contact with counsel. We cannot set aside trial court findings which are not clearly erroneous. Minn.R.Civ.P. 52.01.

2. The trial court then concluded respondent was unlawfully denied contact with counsel and that this prompted his choice to refuse cooperation for the testing. The trial court observed in its memorandum:

> The officer should have known the right to an attorney and should have honored petitioner's request for an attorney as soon as there was a telephone available. There was nothing in the testimony to indicate that the use of a telephone was made available to the petitioner.

■ The limited right to an attorney was not violated when the officer ignored respondent's first request for an attorney. See Prideaux v. State, Department of Public Safety, 310 Minn. 405, 247 N.W.2d 385 (1976). A request must be complied with "as soon as practicable." Minn.Stat. § 481.10 (1982). When a person is in a holding cell awaiting chemical testing, there is no absolute right to immediate access to an attorney. Here, for example, the officers were completing the testing of another driver arrested for D.W.I. They had no duty to interrupt their work; it was reasonable for them to let respondent wait a few minutes to ensure that adequate security was available. See Shovein v. Commissioner of Public Safety, 357 N.W.2d 386 (Minn.Ct.App.1984).

We agree the arresting officer deprived respondent of his right to counsel when he ignored the request made immediately before the implied consent interview. At this point, the officer was obligated to vindicate and not to impair respondent's right to contact an attorney. Prideaux.

## DECISION

■ Because respondent was deprived of his limited statutory right to counsel, the trial court correctly rescinded license revocation based on implied consent laws.

Affirmed.