STATE of Minnesota, Respondent,

v.

**Brian John BEBEL, Appellant.**

**No. C9-85-1232.**

Court of Appeals of Minnesota.

March 25, 1986.

Review Denied May 22, 1986.

Hubert H. Humphrey III, Atty. Gen., Edward P. Starr, Jr., City Atty., Michael F. Driscoll, Anne Bastien Petersen, Asst. City Attys., St. Paul, for respondent.

Charles L. Hawkins, Deborah K. Ellis, St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Brian Bebel was convicted of driving with a blood alcohol concentration of .10 or more in violation of Minn.Stat. § 169.121, subd. 1(d) (1984). Bebel appeals arguing that the breathalyzer results should have been suppressed because his constitutional and statutory rights to counsel were violated. We affirm.

## FACTS

Appellant was stopped for speeding by St. Paul police officers Hinzman and Nelson at approximately 1:30 a.m. on February 10, 1985. Officer Hinzman approached appellant's car and asked to see his driver's license. Hinzman asked appellant where he was coming from. Appellant replied that he had been at a nearby bar. When Hinzman asked how much he had had to drink, appellant responded that he was sure he was legally drunk.

Hinzman then told appellant that he would have to go to the police station for a breath test. Hinzman placed appellant in the back of the squad car and informed him that he was under arrest for DWI. Officer Nelson then read appellant the *Miranda* warnings. Appellant's request to speak with counsel was denied.

Appellant was taken to the breathalyzer room at the St. Paul police department. Hinzman read him the implied consent advisory, which included the statement that "after submitting to testing you have a right to consult with an attorney and to have tests made by a person of your own choosing." Appellant then submitted to testing. It is not clear whether appellant requested counsel again after taking the breathalyzer.

Appellant moved to suppress certain statements and the breathalyzer results. The trial court recognized appellant's initial request for counsel as a continuing request and suppressed responses to questions in an Alcohol Influence Report. However, pre-arrest statements and the breathalyzer results were not suppressed.

## ISSUE

Did the trial court err in denying appellant's motion to suppress breathalyzer results?

## ANALYSIS

■ Appellant's argument that his constitutional right to counsel was denied is without merit. This issue was decided by the Minnesota Supreme Court in *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.), *appeal dismissed* — U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). *Nyflot* held that a person arrested for DWI has neither a statutory nor a constitutional right to consult with an attorney before deciding whether to submit to chemical testing. *Id.* at 513. The court noted that the questioning of a driver to see if he will consent to chemical testing is not within the ambit of *Miranda*'s protection. *Id.* at 516 (citations omitted).

■ Furthermore, the fifth amendment protects only against compelled self-incrimination of a communicative or testimonial nature. *See Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966). Like the blood test in *Schmerber*, the breathalyzer is not a protected communication. The court in *Nyflot* noted that a state clearly may force a person suspected of driving while intoxicated to submit to a blood alcohol test. 369 N.W.2d at 517.

■ Appellant also argues that the breathalyzer results should have been suppressed because his statutory right to consult counsel after testing was denied. *See* Minn.Stat. § 169.123, subd. 2(b)(4) (1984). We do not agree.

Minn.Stat. § 169.121, subd. 2 (1984) provides:

> Upon the trial of any prosecution arising out of acts alleged to have been committed by any person arrested for driving, operating, or being in physical control of a motor vehicle in violation of subdivision 1, the court may admit evidence of the amount of alcohol or a controlled substance in the person's blood, breath, or urine as shown by an analysis of those items.

The statute does not restrict admissibility of breathalyzer results. There is no remedy provided by the statute for denial of right to counsel after testing. In fact, appellant misconstrues the statute by interpreting it to provide an explicit right to counsel after testing.

The right to counsel provision in the implied consent advisory is to inform a suspect when the right to counsel may be vindicated and to assuage any confusion related to apparent conflict between implied consent and *Miranda* rights. Although statements made after a suspect requests counsel are not admissible, denial of a DWI suspect's right to counsel after testing has no impact on admissibility of breathalyzer results. Although it is not clear from the record whether appellant requested counsel after testing was completed, police should deem a suspect's pre-testing request for counsel as a continuing request.

The trial court recognized, by suppressing the Alcohol Influence Report, that the right to counsel protects only against admission of illegally obtained statements and not against admission of breathalyzer results. Admission of the breathalyzer results was not error.

## DECISION

Admission of breathalyzer results did not violate appellant's right to counsel. The trial court did not err by admitting the results.

Affirmed.