STATE of Minnesota, Respondent,

v.

**Ricky Gene CARLSON, Appellant.**

**No. C9–86–1306.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Hubert H. Humphrey, III, Atty. Gen., James E. Reuter, Chisago Co. Atty., Clair F. Cole, Asst. Co. Atty., Center City, for respondent.

Robert G. Rancourt, Rancourt Law Offices, Lindstrom, for appellant.

Considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

This appeal is from a judgment of conviction for driving while under the influence and driving with an alcohol concentration of .10 or more. Appellant Ricky Carlson contends the Intoxilyzer test results should have been suppressed because he was not allowed to speak with counsel before taking the test. We affirm.

## FACTS

According to the stipulation of facts, Carlson was lawfully stopped on December 29, 1984, observed by a North Branch police officer, and arrested on suspicion of DWI. He was then read the implied con-

**626**

sent advisory. Carlson agreed to take a breath test and was taken to the Chisago County jail.

At the jail Carlson was turned over to sheriff's department personnel for administration of the Intoxilyzer test. The police officer then spoke with Carlson's parents, who had arrived at the jail after a telephone call from Carlson. The officer told them their son would be taking the Intoxilyzer test. They said an attorney was on the way to the jail. When the attorney arrived, the officer informed him that Carlson was taking the breath test and denied his request to talk with Carlson at that time. The officer told the attorney he could consult with Carlson after the test.

The Intoxilyzer test showed an alcohol concentration of .18. Carlson was then allowed to speak with the attorney and with his parents.

Based on the stipulated facts, the trial court found Carlson guilty of DWI and driving with an alcohol concentration of .10 or more. Sentencing was stayed pending appeal of the issue of denial of the right to counsel.

## DECISION

The issue of the right to consult with counsel before deciding whether to submit to chemical testing was decided in *Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512 (Minn.1985), *appeal dismissed,* — U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). The court in *Nyflot* held there is neither a statutory nor a constitutional right to consult with counsel before making that decision. *Id.* at 513. This holding applies when test results are later sought to be used in a criminal prosecution for DWI. *See State v. Bebel,* 383 N.W.2d 724, 726 (Minn.Ct.App.1986) (applying *Nyflot*). The holding applies regardless of the attorney's location at the time of the request. We find no basis for distinguishing this case from *Nyflot.*

Affirmed.