DeWayne DeBOER,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C5–86–2162.

Court of Appeals of Minnesota.

May 19, 1987.

Dean S. Grau, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant DeWayne DeBoer was arrested for driving while under the influence and, after he failed a breath test, his license was revoked. He petitioned for judicial review and the trial court sustained the revocation. DeBoer appeals.

## FACTS

On August 10, 1986 at approximately 10 p.m. a pickup truck passed a state trooper at a speed in excess of 55 miles per hour. The trooper stopped the truck, identified DeBoer as the driver, and, observing indicia of intoxication, formed the belief DeBoer was under the influence, and arrested him for driving while under the influence. The trooper observed him for at least 15 minutes, during which time DeBoer did not put anything into his mouth.

The trooper read DeBoer the implied consent advisory and DeBoer said he understood the statement. The trooper testified initially it was possible that DeBoer requested to use the telephone and asked to call an attorney, but he later testified he did not remember DeBoer asking to use the telephone at all. He explained that he will not volunteer to allow a driver a telephone call after the test, but if the driver asks to use the telephone, he would allow the call.

DeBoer testified that he requested the Hennepin County Sheriff's Deputy to permit him to make a telephone call for legal advice after the breath test and again after he was brought to the jail cell. He was allowed a telephone call at about 1:00 a.m. and called his sister, whose husband is a law student and salesman.

The trial court found DeBoer asked to confer with an attorney before taking the test; the trooper explained that the right to counsel applied after the Intoxilyzer procedures were complete and asked DeBoer to take a breath test; DeBoer agreed to do so, although he requested a blood test be given instead; the trooper explained DeBoer could arrange his own testing after completing the trooper's test.

The trooper administered a breath test using an Intoxilyzer at approximately 11:00 p.m. The machine performed an internal diagnostic check, air blank tests, and a calibration standard test, each of which produced expected results. DeBoer's breath samples yielded a reported value of .16. DeBoer's attorney questioned the trooper about the effect of static upon the Intoxilyzer and whether precautions had been taken. The trooper did not know whether any precautions had been taken, and had heard that static could affect the machine, but provided no conclusive testimony.

DeBoer testified that immediately prior to taking the test, he had an upset stomach, hiccups and indigestion. The court, however, specifically found that it was not persuaded by DeBoer's testimony that he had hiccups during the critical time described. It further found that even if he did have hiccups unobserved by the trooper there was no testimony indicating they caused a higher test result than would otherwise have been recovered.

The trial court also found that DeBoer did not renew his request to have a blood test after the trooper completed the Intoxilyzer procedures and that DeBoer exercised his right to confer with counsel of his choice under the auspices of the Hennepin County Sheriff at some point after he was transferred to the Hennepin County Adult Detention Center.

The referee recommended sustaining the revocation and the trial court issued an order accordingly.

## ISSUES

1. Did the Commissioner sustain his burden of proving the Intoxilyzer test was valid and reliable?

2. Was appellant denied his statutory and constitutional rights to counsel and to obtain an additional test?

## ANALYSIS

■ 1. DeBoer challenges the sufficiency of the observation period. *See Engen v. Commissioner of Public Safety*, 383

N.W.2d 399 (Minn.Ct.App.1986). He argues that the test results should not be used because the trooper only testified that he observed DeBoer to ensure that he did not place anything in his mouth prior to testing, and did not testify that he was watching for signs of belching, burping or regurgitation. Failure of the police officer to specifically watch for signs of burping or regurgitation does not fatally flaw the observation period. *Scheper v. Commissioner of Public Safety*, 380 N.W.2d 222, 224 (Minn.Ct.App.1986). The duty to produce this type of evidence is properly placed on the driver. *Id.* DeBoer here in fact produced testimony of this sort but not to the satisfaction of the trial court. We will not overturn the trial court on a credibility decision not clearly erroneous. The trial court properly found the test result was valid and reliable. *Hounsell v. Commissioner of Public Safety*, 401 N.W.2d 94 (Minn.Ct.App.1987).

2. DeBoer also contends that he was denied his statutory and constitutional rights to consult with an attorney and to obtain an alternative test after submitting to the test chosen by the officer.

█ The Commissioner initially asserts that these issues are not within the scope of the hearing as set out in Minn.Stat. § 169.123, subd. 6. The issues as raised in this case relate to the validity of the test results, *see* Minn.Stat. § 169.123, subd. 6(3)(b), and therefore were properly raised.

We will next address the factual issues. The trial court's factual determination that DeBoer asked to confer with an attorney prior to taking the breath test is supported by the record. The trial court found DeBoer had requested a blood test instead of a breath test, and that he did not renew his request for a blood test after the Intoxilyzer procedures were complete. There was no finding DeBoer requested an additional test. The record does not indicate when DeBoer requested the telephone call from the jailer, but it is clear that DeBoer was allowed a telephone call at approximately 1:00 a.m. There is no question DeBoer was given the opportunity to contact counsel under the auspices of the Hennepin County Sheriff.

DeBoer's legal arguments begin with the implied consent advisory, Minn.Stat. § 169.-123, subd. 2(b)(4) (1986), which provides:

after submitting to testing, the person has the right to consult with an attorney and to have additional tests made by someone of the person's own choosing * * *.

Further, Minn.Stat. § 169.123, subd. 3 (1986) provides:

The person tested has the right to have someone of the person's own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; provided, that the additional test sample on behalf of the person is obtained at the place where the person is in custody, after the test administered at the direction of a peace officer, and at no expense to the state. *The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of a peace officer unless the additional test was prevented or denied by the peace officer.*

(Emphasis added.)

DeBoer argues that the right to counsel and the right to additional testing are intertwined. He asserts that when the trooper turned him over to the Hennepin County Sheriff without allowing him access to a telephone, and when the Sheriff then held him incommunicado for two hours, he was deprived of his right to additional testing. He contends that at that point, any additional testing would have been of little value due to the evanescent nature of alcohol. Therefore, DeBoer asserts that the test taken at the direction of the officer should be suppressed, because the additional test was prevented or denied by the officer. *See* Minn.Stat. § 169.123, subd. 3.

█ A driver arrested for driving while under the influence has no right, statutory or constitutional, to consult with counsel prior to deciding whether to submit to chemical testing. *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512,

513 (Minn.), *appeal dismissed,* — U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). An officer has no duty to affirmatively offer a driver a telephone to call an attorney or to arrange an independent test. *Hager v. Commissioner of Public Safety,* 382 N.W.2d 907, 911–12 (Minn.Ct.App. 1986). All that an officer is required to do with a driver who is in custody and requests additional testing is to furnish the use of a telephone. *Frost v. Commissioner of Public Safety,* 348 N.W.2d 803, 804 (Minn.Ct.App.1984).

■ DeBoer did not assert his right to the additional test. *Cf. Shull v. Commissioner of Public Safety,* 398 N.W.2d 11, 13 (Minn.Ct.App.1986). DeBoer's arguments that his constitutional rights to counsel and his due process rights to access to exculpatory evidence were violated are too speculative, because he did not assert his right to additional testing and, when given the opportunity, did not call an attorney. His rights were not violated.

### DECISION

The decision of the trial court sustaining the revocation is affirmed.

Affirmed.