**Russel Lee KOESTER,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. C2–88–2169.**

Court of Appeals of Minnesota.

April 25, 1989.

Donald H. Nichols and Nichols, Kaster & Anderson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen. and Peggy L. Bunch, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by NORTON, P.J., and FORSBERG and MULALLY *, JJ., without oral argument.

## OPINION

EDWARD D. MULALLY, Judge.

Russel Lee Koester was arrested for driving in violation of Minn.Stat. § 169.121 (1988). His driver's license was revoked for one year when he refused testing. Koester petitioned for judicial review, and the trial court sustained the revocation. Koester appeals.

## FACTS

On May 12, 1988, Officer Karl Zeidler stopped appellant's vehicle and arrested him for driving while under the influence. Zeidler brought appellant to the police department, and read him the implied consent advisory. Appellant agreed to take a breath test.

Zeidler administered the Intoxilyzer test, but appellant did not provide an adequate breath sample. Zeidler then offered him the opportunity to take another breath test or to provide either a blood or urine sample. Appellant insisted upon speaking with

an attorney before making a decision and the officer allowed him to do so.

An attorney came to the station and the officer allowed him to speak to appellant privately in a conference which lasted at least 20 minutes. Appellant decided not to take any of the tests which were offered to him.

Zeidler had videotaped the events which occurred. He testified that he turned the videotape off during the attorney-client conference. However, the city attorney later informed him that the conversation between appellant and his attorney was on tape. Zeidler explained that he has had trouble shutting the machine off before, and has sought repairs for it numerous times. He reviewed a portion of the tape for the hearing in the presence of two other officers, but did not see the attorney-client conversation.

Counsel for the Commissioner of Public Safety informed the court that until he came into court that day and heard the testimony, he was not aware that the conversation had been videotaped. He also challenged the raising of the issue because it had not been raised in the petition for judicial review. Appellant moved to amend the petition to include that issue. The motion was denied. The trial court left open the question of whether the issue was raised in the petition.

The trial court found the initial stop of appellant's vehicle valid and determined that appellant refused testing. It also noted in a footnote that it found no merit to appellant's argument that the revocation should be rescinded because the officer unwittingly videotaped the conference between appellant and his attorney.

## ISSUE

Did the inadvertent videotaping of the conference between appellant and his attorney constitute a constitutional or statutory violation which should lead to the rescission of appellant's driver's license revocation, even though there was no showing of prejudice to appellant?

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn.Const. art. VI, § 2.

## ANALYSIS

Appellant argues that the taping and later review of the tape denied him his sixth amendment right to effective assistance of counsel, violated his right under Minn.Stat. § 481.10 (1988) to a private consultation with an attorney, and invaded his "right to privacy."

The Commissioner initially asserts that the issue was not raised in the petition for review, was not properly before the trial court and is not properly before this court on appeal. *Winder v. Commissioner of Public Safety,* 392 N.W.2d 21 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986). The trial court nonetheless noted that there was no merit to appellant's contention. While the issue is not properly before this court, since the trial court alluded to it in its memorandum, we briefly express agreement with the trial court.

The Commissioner argues that because appellant had not yet submitted to testing, his right to counsel had not attached, *Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512, 513 (Minn.), *appeal dismissed,* 474 U.S. 1027, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985), and thus no right to counsel was violated by the accidental videotaping. We decline to decide on this basis.

We first note that there was no showing of prejudice to the appellant. While appellant asserts the videotape was reviewed, the record indicates it was reviewed only by the city attorney, who then informed appellant's counsel. The officer did not know the conference was videotaped until the city attorney advised him and he testified that he never reviewed that portion of the tape. The Commissioner of Public Safety learned at the hearing that the interview had been videotaped.

When an officer fails to give a driver complete privacy to consult with counsel, the privacy rights under Minn.Stat. § 481.10 are sufficiently safeguarded by a rule which forbids the use in evidence of any statements by a defendant to counsel overheard by police. *State, Department of Public Safety v. Held,* 311 Minn. 74, 76, 246 N.W.2d 863, 864 (1976). Appellant's right to private consultation with his counsel under Minn.Stat. § 481.10 was sufficiently safeguarded here.

Appellant also contends his sixth amendment right to counsel was violated. "[A]n accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." *Coplon v. United States,* 191 F.2d 749, 757 (D.C.Cir.1951), *cert. denied,* 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690 (1952), *quoted in Mastrian v. McManus,* 554 F.2d 813, 821 (8th Cir.), *cert. denied,* 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). There was no showing that the videotaped conversation was of benefit to enforcement officials here. *See Weatherford v. Bursey,* 429 U.S. 545, 552, 97 S.Ct. 837, 842, 51 L.Ed.2d 30 (1977); *Mastrian,* 554 F.2d at 821. Appellant's sixth amendment right to counsel was not violated. Appellant also contends his fourth amendment "right to privacy" was violated. The claim lacks merit.

## DECISION

The order of the trial court sustaining the revocation is affirmed.

Affirmed.