Kenneth Ray **THEEL,**
Petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–89–652.

Court of Appeals of Minnesota.

Nov. 7, 1989.

Review Denied Jan. 8, 1990.

Jeffrey B. Ring, Harlan M. Goulett, Allan H. Caplan & Associates, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by NORTON, P.J., and LANSING and IRVINE *, JJ.

## OPINION

L.J. IRVINE, Judge.

Appellant was arrested for driving while under the influence and his driver's license was revoked pursuant to the implied consent law. He petitioned for judicial review, contending, in relevant part, that the police had prevented or denied an additional chemical test, requiring suppression of the Commissioner's test results at the implied consent hearing. The trial court sustained the revocation and Theel appeals.

## FACTS

Deputy Sheriff Michael William Longbehn arrested appellant for driving while under the influence in the early morning hours of Sunday, December 18, 1988. He

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

read the implied consent advisory to appellant at 1:25 a.m. and completed it at 1:29 a.m. He asked appellant if he understood each section. Longbehn read the paragraph stating that a person has a right to consult with an attorney and have a test of his own choosing three times, because appellant wanted to understand it. Longbehn offered appellant a breath test, which he agreed to take. The test revealed an alcohol concentration of .10.

Longbehn testified that after the test, appellant indicated he would like to make arrangements for a test by an individual of his own choosing. Longbehn had called Sergeant Andersohn and advised him appellant was trying to make such arrangements. Longbehn wrote in his police report that he advised the jail to book appellant as soon as possible and allow him to make whatever phone calls were necessary. By the time Longbehn left, appellant had reached two different hospitals, but neither had facilities to come to the jail. Longbehn advised appellant he was under no obligation to take him to the hospital, and that it was up to appellant to make arrangements for the private test.

Corrections Officer Timothy Scott Howe administered the Intoxilyzer test to appellant. He testified that after the test was finished, appellant requested a second test, and they explained he would have to have somebody come to the jail to administer it. Appellant made three or four phone calls. No one came to the jail to administer the test; nobody was turned away. Appellant did not find anyone to arrange for the test.

Appellant testified that after the deputy read him the implied consent advisory, he asked him three times to explain the part about his right to counsel and another test. He was surprised when he did not pass the Intoxilyzer test and he asked for another test. The officers provided him with a telephone. He called his sister, who said she would pick him up at 6:30 a.m. when she got up. He called four hospitals, but no one would come to the jail.

Appellant expressed his frustration with the process to several officers who were in the area. He explained:

There was a female officer sitting at the desk right across from where the phone was, and I told her that everybody at the hospitals said, told me that the police were supposed to bring me there, but the police they said, "No, they're supposed to come here to the jail." And so I told her that and she said, "Well, I guess you're s.o.l.," and then so I stood up and I said, "Well, can I have an attorney then?" And there was another officer there. He said, "Forget it. They're all sleeping."

He said he made it clear he wanted an attorney to help him obtain a second test. Appellant testified that he did not have any other places or anyone else in mind to call. At that point, he did not want to argue or cause a fight, so the officer fingerprinted him and he was taken to a cell.

The trial court addressed this issue as follows:

We find, on a factual basis, that none of the officers involved in this case either prevented or denied petitioner from obtaining an additional test.

The trial court sustained the revocation and Theel appeals.

## ISSUE

Did the police prevent or deny an additional test within the meaning of Minn.Stat. § 169.123, subd. 3 (1988)?

## ANALYSIS

The Commissioner first argues that the trial court did not credit appellant's testimony that the officer told him to "forget it." However, the Commissioner argued below that the facts did not constitute prevention or denial, rather than appellant's testimony was not credible. Nor is there any indication the court found appellant's testimony not credible.

The merits of the case will be addressed next. When the officer invoked the implied consent law, appellant was informed that after submitting to testing, he had the right to consult with an attorney and to have additional tests made by one of his own choosing. Minn.Stat. § 169.123, subd.

2(b)(4) (1988). The right to the additional test is limited.

> The person tested has the right to have someone of the person's own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; provided, that the additional test sample on behalf of the person is obtained at the place where the person is in custody, after the test administered at the direction of a peace officer, and at no expense to the state. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of a peace officer *unless the additional test was prevented or denied by the peace officer.*

Minn.Stat. § 169.123, subd. 3 (emphasis added).

■ The only obligation an officer has is to allow the use of a telephone. *State v. Streitz,* 276 Minn. 242, 243, 150 N.W.2d 33, 34 (1967); *Frost v. Commissioner of Public Safety,* 348 N.W.2d 803, 804 (Minn.Ct. App.1984). The officer has no duty to furnish supplies or transportation, and a test is neither prevented nor denied when such assistance is refused. *State v. Hatlestad,* 347 N.W.2d 843, 845 (Minn.Ct.App.1984).

Courts in other states have distinguished between situations in which an officer has failed to assist and those in which the officer has hampered an attempt to obtain a test. *Commonwealth v. Alano,* 388 Mass. 871, 880, 448 N.E.2d 1122, 1128 (1983); *see* Annotation, *Drunk Driving: Motorist's Right to Private Sobriety Test,* 45 A.L. R.4th 11 § 23 (1986). These cases generally hold, as do the Minnesota appellate courts, that the police need not transport the defendant to a hospital, locate and take the defendant to a physician, or arrange for the physician to come to the jail. *Alano,* 388 Mass. at 879–80, 448 N.E.2d at 1127.

Appellant argues that the officer's action prevented him from contacting an attorney who could effectively help him gather exculpatory evidence. *See DeBoer v. Commissioner of Public Safety,* 406 N.W.2d 43, 46 (Minn.Ct.App.1987) (same argument rejected because facts too speculative). Appellant asserts that hospital personnel will virtually never come to the jail at the request of the suspects. While the accuracy of this broad statement is not known, appellant did call four hospitals and all refused to send personnel to the jail to perform a test.

The Commissioner argues that the right to additional testing under the implied consent statute is unrelated to the "right to counsel" provision, relying on *State v. Bebel,* 383 N.W.2d 724, 726 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. May 22, 1986). *Bebel* did not address the specific issue raised here, whether the person was denied a right to additional testing.

■ Appellant wanted to call an attorney to assist him in exercising his right to obtain an additional test and the officer hindered his attempt. *See McCann v. Commissioner of Public Safety,* 361 N.W.2d 169, 170 (Minn.Ct.App.1985) (at time when driver had right to consult counsel prior to deciding whether to take test, right to counsel denied when officer ignored driver's requests for attorney). Under these facts, we hold that appellant's statutory right to obtain an additional test was prevented or denied, and that the test taken by the officer pursuant to the implied consent law should be suppressed. Minn. Stat. § 169.123, subd. 3; *see McNutt v. Superior Court of Arizona,* 133 Ariz. 7, 9, 648 P.2d 122, 124–25 (1982).

### DECISION

The order of the trial court sustaining the revocation is reversed.

Reversed.