COMMISSIONER OF PUBLIC SAFETY, Appellant,

v.

Melvin D. CAMPBELL, Respondent.

No. C0–92–540.

Supreme Court of Minnesota.

Dec. 31, 1992.

---

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., St. Paul, for appellant.

Donald H. Nichols, Paul J. Lucas, Nichols, Kaster & Anderson, Minneapolis, for respondent.

TOMLJANOVICH, Justice.

We granted the petition of the commissioner of public safety for review of the court of appeals' decision in this case in order to resolve a conflict between decisions by different panels concerning the scope of the limited right to counsel recognized in *Friedman v. Commissioner of Public Safety*, 473 N.W.2d 828 (Minn.1991).

The issue is whether the fact that the limited right to counsel recognized in *Friedman* is based on the state constitution rather than on statute means that *State, Department of Public Safety v. Held*, 311 Minn. 74, 246 N.W.2d 863 (1976), is no longer good law. This court in *Held*, in a unanimous 9–0 decision, said:

> Recently, in *Prideaux v. State, Dept. of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1976), we held that when police arrest a driver for allegedly violating Minn.Stat. § 169.121, then under Minn.Stat. § 481.10 they must accede to any timely request by the driver for permission to telephone his attorney before deciding whether to submit to testing. In this case, the police did accede to defendant's timely request that he be permitted to telephone counsel. This issue is whether the police had a further obligation to permit the call to be made from a private booth or room. Bearing in mind that many police departments may not have private phone booths or rooms suitable for such use, and the potential security problems involved, we decline to impose such a requirement. We believe that the driver's rights are sufficiently safeguarded by rule which forbids the use in evidence of any statements made by defendant to his counsel over the telephone which are overheard by police. Such a rule fully satisfies the privacy requirement of Minn.Stat. § 481.-10, the provision on which the *Prideaux* decision was based.

311 Minn. at 76, 246 N.W.2d at 864.

In *State, City of Plymouth v. Ella*, Case No. C3–92–161, 1992 WL 122660 (unpublished opinion filed June 9, 1992), a different panel of the court of appeals reached a different result from that reached by the panel in this case. That panel relied upon *Held* and concluded that there was no reason why the result should be different now that the right to counsel is based on the Minnesota Constitution rather than on statute. We denied the defendant's petition for review.

Subsequently, another panel of the court of appeals decided this case reversing an order of the district court that sustained the revocation of the driver's license of Melvin D. Campbell pursuant to the Implied Consent Law for failing a breath test. *Campbell v. Commissioner of Public Safety*, 489 N.W.2d 269 (Minn.App.1992). The trial court had rejected Campbell's contention that the test results should be suppressed because Campbell, although allowed a phone call to an attorney pursuant to *Friedman*, was not given privacy while making the call. The court of appeals, disagreeing with the decision in *Ella*, held that the breath test results should have been suppressed. *Id.* at 271.

In *Friedman*, we contemplated that the case law we developed following *Prideaux*, which based the limited right to counsel on statute, would be followed in applying *Friedman*, which based the right on the state constitution. *See Friedman*, 473 N.W.2d at 835. In *Prideaux*, we said, "The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel." 310 Minn. at 421, 247 N.W.2d at 394. Thus *Held* and *Prideaux* made it clear that, given the limited nature of the right to counsel in this context, police do not have to provide a DWI arrestee with a private telephone because the arrestee's rights will be sufficiently protected by the

subsequent exclusion of any overheard statements or any fruits of those statements.

We agree with the court of appeals' conclusion that the presence of a police officer in the room when the arrestee talks with the attorney may inhibit the arrestee. However, proper testing procedures generally require that the officer remain in the presence of an arrestee in order to impeach any later testimony by an arrestee who submits to testing that ingestion of something at the station might have affected the test results. Moreover, we believe experienced attorneys will understand the situation and ask "yes or no" questions that allow the attorneys to get the information they need to advise the arrestees properly.

Reaffirming *Held,* we conclude that the court of appeals erred in reversing the order of the district court sustaining the revocation of Campbell's driver's license.

Reversed.