Kevin **FARRELL**, Appellant,

v.

**MUNICIPALITY OF ANCHORAGE,**
**Appellee.**

No. A–165.

Court of Appeals of Alaska.

June 22, 1984.

James T. Robinson and David W. Carney, Smith, Robinson & Gruening, Anchorage, for appellant.

James Ottinger, Asst. Mun. Atty., Allen M. Bailey, Mun. Prosecutor, and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., SINGLETON, J., and FULD, District Court Judge.*

## OPINION

BRYNER, Chief Judge.

After a jury trial, Kevin Farrell was convicted of driving while intoxicated (DWI), in violation of AMC 9.28.020(A). He appeals, contending that the district court erred in denying his pretrial motion to suppress evidence that the police obtained on the night of his arrest. We conclude that Farrell was not given a reasonable opportunity to contact his attorney, and therefore reverse.

Farrell was arrested for DWI at about 1:00 a.m. on January 29, 1983, and he was taken to the Anchorage police station for a breathalyzer test. At the station, Farrell was placed in the custody of Officers Lyons and Long. At approximately 2:00 a.m., Farrell asked for permission to call his attorney, James Robinson. He was allowed to make the call. During Farrell's conversation with Robinson, however, Officer Long stood next to Farrell and took notes. Farrell asked to be allowed to speak privately with Robinson, but Officer

Long refused. When Robinson learned that the police were listening to Farrell's conversation, he asked Farrell to put Officer Long on the line. Robinson asked Long to allow him to speak privately with his client. Long again refused.

Robinson told Farrell that he would come to the police station immediately. Farrell hung up the telephone and told the officers that his attorney was coming. He requested to speak with his attorney before taking the breathalyzer. The officers refused Farrell's request. Farrell was immediately placed in front of a video camera, and the officers attempted to have him perform sobriety tests. Farrell repeatedly requested to talk to his attorney, and his requests were repeatedly refused. Ultimately, Farrell agreed to perform sobriety tests on video, but he refused to take the breathalyzer without first seeing his attorney.

Farrell's attorney apparently arrived at the Anchorage police station while Farrell was being videotaped. He asked to speak with Farrell but was denied permission. When Robinson arrived at the station, Farrell had been on videotape for approximately ten or fifteen minutes and had not yet refused to take the breathalyzer. More than ten minutes elapsed between Robinson's arrival and completion of the videotape.

Farrell was originally charged with both DWI and refusal to take the breathalyzer test. Prior to trial, Farrell moved to suppress all evidence obtained after police denied him the opportunity to speak privately with Robinson. District Court Judge John D. Mason granted Farrell's suppression motion with respect to the charge of refusal to take the breathalyzer but denied it with respect to the DWI charge.[1] During trial the jury viewed the videotape of Farrell and heard evidence of Farrell's refusal to take the breathalyzer.

Farrell argues that this evidence should have been suppressed because he was not

---

* Fuld, District Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. The municipality subsequently dismissed the charge of refusal to take the breathalyzer.

afforded a reasonable opportunity to consult privately with his attorney. AS 12.25.-150(b) provides:

> Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with his attorney and any relative or friend, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friends of the prisoner, have the right to immediately visit the person arrested.

Criminal Rule 5(b) is substantially similar to AS 12.25.150(b), but specifically provides for a "private" visit.

In *Copelin v. State*, 659 P.2d 1206 (Alaska 1983), the Alaska Supreme Court held that AS 12.25.150(b) and Criminal Rule 5(b) require that, upon request, persons arrested for DWI must be given a reasonable opportunity to contact an attorney before taking the breathalyzer examination:

> [W]hen a person is arrested for operating a motor vehicle in violation of state or local drunken driving ordinances, and requests to contact an attorney, AS 12.25.-150(b) and Alaska Criminal Rule 5(b) require that the arrestee be afforded a reasonable opportunity to do so before being required to decide whether or not to submit to a breathalyzer test. Where, as here, the arrestee is denied that opportunity, subsequently obtained evidence must be suppressed ....

*Copelin*, 659 P.2d at 1208.[2]

*Copelin* also makes it clear that, in order to comply with the statutory mandate of AS 12.25.150(b), police must make a reasonable effort to accomodate an arrestee's right to consult privately with counsel once a call has been made. *Copelin* states:

> [T]here is nothing in the language of the statute [AS 12.25.150(b) ] which suggests any limitations on the type or nature of communication which an arrestee may have with his attorney following arrest. In fact, in *Eben*, this court noted:
>
> > "[W]e caution that to the extent deemed appropriate in light of the circumstances, law enforcement officials should administer AS 12.25.150(b) in a manner which will permit a prisoner to communicate in privacy with his attorney, relative or friend."
>
> [*Eben v. State*, 599 P.2d 700, 710 n. 27.]
> By recommending that private communication be allowed where feasible, this court implicitly recognized that the opportunity to consult and communicate with an attorney and to receive legal advice was also a contemplated purpose of the statute.

*Copelin*, 659 P.2d at 1210 (footnote omitted).

■ Certainly, the police cannot guarantee privacy in all circumstances. The degree of privacy a person should be given to communicate with counsel must be determined by balancing the individual's statutory right in consulting privately with counsel against society's strong interest in obtaining important evidence. *Copelin* recognizes that the statutory right to contact and consult counsel is a limited one, which must not interfere with the taking of an accurate and timely breathalyzer test. *Copelin*, 659 P.2d at 1211–12. Specifically, *Copelin* attaches paramount importance to the breathalyzer operator's need to maintain continuous observation of the arrestee for at least twenty minutes prior to the administration of the breathalyzer test. *See* Alaska Administrative Code § 30.-020(b)(2). Moreover, in determining the extent of privacy that is reasonable in a given case, consideration should be given to the confidentiality of the attorney-client communications, and not to the separation of the arrestee from the arresting officers. Thus, while the statutory right to contact and consult counsel requires reasonable efforts to assure that confidential communications will not be overheard, observation of the arrestee may be maintained, and physical segregation or visual isolation is not required.

---

**2.** In *Yerrington v. Anchorage*, 675 P.2d 649, 654 (Alaska App.1984), we held that the supreme court's decision in *Copelin* applies retroactively. *Copelin* thus applies to Farrell's case.

Precisely what measures should be deemed reasonable will necessarily depend upon the circumstances of the individual case. *See Copelin,* 659 P.2d at 1212. However, we believe that *Copelin's* requirement of a "reasonable opportunity" to contact counsel is not met when the police make no effort whatsoever to give a person who has been arrested for DWI a reasonable amount of privacy once he has contacted an attorney.[3]

In the present case, it is unnecessary for us to decide what steps the police should have taken to assure Farrell a reasonable opportunity to speak privately with Robinson. It is uncontested that during Farrell's telephone conversation with his attorney, Officer Long stood next to Farrell and took notes on the conversation. Despite specific requests by both Farrell and Robinson, the police failed to make even a minimal effort to accomodate Farrell's right to communicate privately with his attorney. We therefore hold that Farrell was deprived of his right, under AS 12.25.150(b) and Criminal Rule 5(b), to a reasonable opportunity to contact his attorney.[4] All evidence subsequently obtained by police from Farrell, including Farrell's refusal to take a breathalyzer test and the videotape of his conduct, must therefore be suppressed. *See Copelin v. State,* 659 P.2d at 1215.

The conviction is REVERSED and the case is REMANDED.

COATS, J., not participating.

---

**3.** In a somewhat similar context, this court has recognized that the scope of privacy accorded to an attorney-client conversation must in part depend upon the reasonable expectations of the client. *See Blackmon v. State,* 653 P.2d 669, 671 (Alaska App.1982). In *Blackmon,* we held that when a defendant in custody makes reasonable efforts to communicate privately with his attorney, the prosecution will be precluded from admitting evidence of any statements that were overheard. *Id.* at 672. *Blackmon* indicates that when privacy cannot be assured by other reasonable steps, it may be sufficient to inform the defendant that his conversation with counsel will not be used in evidence against him. *Blackmon* also implies a duty on the part of the accused to act reasonably. When a person who has been arrested for DWI refuses to speak with his attorney despite reasonable assurances of privacy, no violations of AS 12.25.150(b) and Criminal Rule 5(b) will occur. Similarly, the statutes will not be violated if a defendant's conversation with his attorney is overheard because of unreasonable conduct by the defendant. In many cases it may be possible for an attorney to minimize the risk of a client's communications being overheard simply by posing specific questions that the client can respond to with yes or no answers.

**4.** Farrell also argues that AS 12.25.150(b) was violated when his friend and his attorney were denied an immediate visit with him after they arrived at the police station. The express language of AS 12.25.150(b) provides for an immediate visit with counsel following an arrest. Where, as here, an attorney arrives at the police station while field sobriety tests or a breathalyzer examination are in progress, a serious question is raised about the extent to which the statutory right to an immediate visit necessitates interruption of ongoing investigative efforts. In the present case, the factual record sheds little light on the extent to which investigative efforts would realistically have been interrupted if Farrell's counsel had been permitted to have immediate contact with Farrell. The briefs of the parties also contain little information that would enable us to make an informed decision as to whether it was reasonable for police to wait until completion of field sobriety testing before allowing Farrell to visit with his attorney. Since our decision on Farrell's primary argument makes it necessary, in any event, to suppress all evidence obtained by police after Farrell's telephone call to his attorney, we decline to reach the issue of whether the failure to allow an immediate visit constituted a separate statutory violation.