**Henry BICKLER, a.k.a. Henry Bichler, Petitioner and Appellee,**

v.

**NORTH DAKOTA STATE HIGHWAY COMMISSIONER, Respondent and Appellant.**

**Civ. No. 870309.**

Supreme Court of North Dakota.

May 16, 1988.

Robert E. Lane, Asst. Atty. Gen., Bismarck, for respondent and appellant.

Brian W. Nelson, Fargo, for petitioner and appellee.

LEVINE, Justice.

We consider the extent of an arrestee's qualified statutory right to consult with counsel before deciding to take a chemical test under *Kuntz v. State Highway Commissioner,* 405 N.W.2d 285 (N.D.1987).

After he was arrested for DUI, Henry Bickler was taken to Cass County jail where he asked to call an attorney before taking an Intoxilyzer test. Permission was granted and Bickler called Fargo attorney Brian Nelson, who appeared at the jail five

to ten minutes later. Attorney Nelson requested to confer with Bickler "in a private setting." Because the arresting officer, Sergeant Bjornson, refused to allow a conference out of his view, attorney Nelson left the jail without asking Bickler any questions. Bickler refused to take the Intoxilyzer test, resulting in the revocation of his driver's license for one year under NDCC § 39–20–05(3).

After an administrative hearing, the hearing officer found that Bickler "had an opportunity to consult with an attorney," and that he "refused the test offered by the officer." He concluded that Bickler refused the test and revoked Bickler's driving privileges for one year.

Bickler appealed to the Cass County district court, which ruled that a reasonable opportunity to consult with counsel required a free and open discussion between the attorney and client, for which a private room should be provided, if available. The court reasoned that the integrity of the Intoxilyzer test could be protected by having the attorney prohibit the client's eating, drinking or smoking during the private conference. The court reversed the agency decision on the grounds that Bickler did not refuse the test because he was not given a reasonable opportunity to consult with his attorney. This appeal followed.

While we do not defer to the district court's review, we look to its analysis for guidance in our review of the agency decision. *Cf. Medcenter One v. Job Service North Dakota,* 410 N.W.2d 521 (N.D.1987) (analysis of district court entitled to respect because "the legislatively mandated review by the district court cannot be ineffectual.").

In this case our review of the agency decision focuses on three of the permissible inquiries under NDCC § 28–32–19:

(1) Is the decision in accordance with the law?

(2) Are the findings of fact supported by a preponderance of the evidence?

(3) Are the conclusions of law and the decision supported by the findings of fact?

In order to determine whether the agency decision is in accordance with the law, we look to the law and its application to the facts. We held recently in *Kuntz v. State Highway Commissioner,* 405 N.W.2d at 285 (Erickstad, C.J., and VandeWalle, J., dissenting and filing opinions), that if an arrested person asks to consult with an attorney before deciding to take a chemical test, he must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test. We believe that our holding in *Kuntz* eliminated the contradiction between the post-arrest *Miranda* assurance of a right to counsel, and the subsequent denial of access to an attorney's advice on whether to take the chemical test.

When an arrestee consults with counsel, he must be allowed to do so in a meaningful way. A consultation would be meaningless if relevant information could not be communicated without being overheard. There is a right to privacy inherent in the right to consult with counsel. However, the degree of that privacy must be balanced against the need for an accurate and timely chemical test. *Farrell v. Municipality of Anchorage,* 682 P.2d 1128 (Alaska App.1984); *State Dept. of Public Safety v. Kneisl,* 312 Minn. 281, 251 N.W.2d 645 (1977). In *Kuntz* we were careful to recognize that the right to consult with an attorney "is a qualified right which cannot be used to materially hamper the process of administering the chemical test under Chapter 39–20 N.D.C.C." *Kuntz,* 405 N.W.2d at 290. We illustrated the limited nature of the right by pointing out that if an arrested person was unsuccessful in reaching an attorney by telephone within a reasonable time, he must nevertheless make an election to take or refuse the chemical test.

This case presents another example of the limited nature of the right to consult with an attorney. Under the Approved Method to Conduct Breath Test with Intoxilyzer (Office of State Toxicologist, Jan. 31, 1985), an officer must ascertain whether a subject has smoked, eaten or drunk anything before obtaining a sample of the subject's breath. The duty to assure the integ-

rity of the sample requires the officer to maintain observation of the subject, and necessarily limits the extent of the privacy reasonably available under the circumstances. *Accord, Farrell,* 682 P.2d at 1128; *see also People v. Iannopollo,* 131 Misc.2d 15, 502 N.Y.S.2d 574 (1983).

*Farrell v. Municipality of Anchorage, supra,* involved the issue of whether there was reasonable opportunity to consult privately with counsel, where a police officer stood next to Farrell and took notes as Farrell conferred on the telephone with his attorney about taking a breath test. In concluding there was not, the court approved a procedure whereby police could observe the arrestee during the consultation provided that the consultation was out of police earshot.

■ We believe out-of-earshot consultation adequately protects both the confidentiality of attorney-client consultation and the integrity of chemical tests. We hold that when an arrested person asks to consult with counsel before electing to take a chemical test he must be given the opportunity to do so out of police hearing, and law enforcement must establish that such opportunity was provided.

■ Having discussed the pertinent law, we turn to the facts. In assessing whether the agency's findings of fact are supported by a preponderance of the evidence, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *E.g., Redwood Village Partnership, Ltd. v. N.D. Dept. of Human Services,* 420 N.W.2d 333 (N.D.1988).

Sergeant Bjornson testified that Bickler was allowed to call a lawyer. When the attorney arrived and asked to speak to his client privately, the officer replied that Bickler must remain within sight of the police, but that Bickler could speak to his attorney out of police earshot but not in a private room.[1] Bickler did not testify. We conclude that the agency's finding that

Bickler had an opportunity to consult with counsel is supported by a preponderance of the evidence.

The agency's conclusion that Bickler refused the Intoxilyzer test is supported by the findings of fact as is the agency decision to revoke Bickler's license for a year. The decision is also in accordance with the law.

Accordingly, we affirm the agency's decision and reverse the district court's decision.

GIERKE and MESCHKE, JJ., concur.

VANDE WALLE, Justice, concurring in result.

I concur in the result in accordance with my dissent in *Kuntz v. State Highway Commissioner,* 405 N.W.2d 285, 291 (N.D. 1987).

ERICKSTAD, Chief Justice, specially concurring.

In light of my dissent in *Kuntz v. State Highway Commissioner,* 405 N.W.2d 285, 290 (N.D.1987), I respectfully concur in the result of Justice Levine's opinion.

---

**1.** The issue whether the location proffered by the police for the attorney-client consultation was actually out of earshot, argued before the district court, was not presented on appeal.