**CITY OF GRAND FORKS,**
**Plaintiff and Appellee,**

v.

**John SOLI, Defendant and Appellant.**

**Cr. No. 910088.**

Supreme Court of North Dakota.

Feb. 4, 1992.

Thomas Carl Wilson, Asst. City Atty., Grand Forks, for plaintiff and appellee.

Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for defendant and appellant. Submitted on briefs.

VANDE WALLE, Justice.

John Soli has appealed from a judgment of conviction for driving under the influence of intoxicating liquor in violation of Grand Forks City Code § 8-0205(1)(B) [1] and from an order denying his motion for a new trial. We affirm.

After Soli was involved in a motor vehicle accident he was transported by ambulance to a hospital, where he was arrested for driving under the influence or with a blood alcohol concentration of .10 percent or more. At his request, Soli was permitted to telephone his attorney from a hospital examining room. The police officers remained in the room and could hear Soli's part of the conversation with his attorney. After that telephone conversation, Soli allowed a hospital technician to withdraw blood for analysis.[2]

Soli unsuccessfully moved to strike the testimony of the police officers on the ground that they failed to allow him to speak to his attorney in private. Soli unsuccessfully objected to the admission of the blood test result on the ground that the blood sample was withdrawn more than two hours after his driving. The trial court convicted Soli of driving under the influence and denied his motion for a new trial. Soli argues on appeal that the trial court erred in permitting the police officers to testify [3] and in admitting the blood test result into evidence.

In *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285 (N.D.1987), a majority of this court held "that a person arrested for driving under the influence of intoxicating li-

---

**1.** The Grand Forks code provision is the same as § 39-08-01(1), N.D.C.C., which provides in part:

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

"a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.

"b. That person is under the influence of intoxicating liquor."

**2.** The blood test result showed that Soli had a blood alcohol concentration of .25 percent by weight.

**3.** The officers did not testify about anything they might have heard Soli say in the telephone conversation with the attorney.

quor has a qualified statutory right to consult with an attorney before deciding whether or not to submit to a chemical test." *Id.*, at 285. The majority recognized that the right was a qualified one that could not be used to interfere with chemical testing: "We hold that if an arrested person asks to consult with an attorney before deciding to take a chemical test, he must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test." *Id.*, at 290.

In *Bickler v. North Dakota State Highway Comm'r*, 423 N.W.2d 146 (N.D.1988), an attorney for an arrested driver requested a conference with the driver "in a private setting" and the arresting officer "refused to allow a conference out of his view." *Id.*, at 147. We recognized that the degree of privacy to be afforded an arrested driver's consultation with an attorney "must be balanced against the need for an accurate and timely chemical test." *Id.*, at 147. We noted our belief that "out-of-earshot consultation adequately protects both the confidentiality of attorney-client consultation and the integrity of chemical tests." *Id.*, at 148. We held: "[W]hen an arrested person asks to consult with counsel before electing to take a chemical test he must be given the opportunity to do so out of police hearing, and law enforcement must establish that such opportunity was provided." *Id.*, at 148.

■ Although police officers are required to keep suspects under surveillance to protect the integrity of the testing process, this does not mean they are entitled to seek excuses to deny confidentiality to conversations between arrested persons and their attorneys. As we recognized in *State v. Red Paint*, 311 N.W.2d 182, 185 (N.D.1981), "there is a legitimate public interest in protecting confidential communications between an attorney and his client made for the purpose of facilitating the rendition of professional legal services." That public interest ought not be undercut by unwarranted denial of an opportunity for an arrested person to have a confidential conversation with an attorney.

■ The trial court found that Soli "was given his qualified right to speak with counsel and that the police officers did not interfere with that right while guarding the integrity of the testing procedures." Here, unlike *Bickler*, where the conversation would have been held in a jail, the telephone conversation took place in a hospital examining room. There is no evidence in the record showing that Soli requested an "out-of-earshot consultation" with his attorney. Soli did not request that either the officers or the hospital personnel present leave the room and did not object to their presence. Here, unlike *Bickler*, there was no evidence that the officers' presence within earshot of Soli's telephone conversation with his attorney had any effect on his decision to submit to the blood test. Under these circumstances, we will not upset the trial court's finding on this matter.

Soli contends that the trial court erred in admitting the blood test result because the sample was obtained more then two hours after Soli drove his vehicle.

■ If a chemical test is not performed within two hours of driving, a driver cannot be convicted of violating § 39–08–01(1)(a), N.D.C.C. *State v. Kimball*, 361 N.W.2d 601 (N.D.1985). "Section 39–08–01(1)(b), as opposed to (a), does not necessitate a chemical test as a prerequisite for conviction." *Kimball*, at 603. We held in *Kimball* that the result of a chemical test is admissible to prove that a driver violated § 39–08–01(1)(b), N.D.C.C., even if the State could not establish that the test was performed within two hours of the driving. We declined an invitation to overrule *Kimball* in *State v. Allery*, 371 N.W.2d 133 (N.D. 1985). In *State v. Pitman*, 427 N.W.2d 337, 342 (N.D.1988), we again held: "[A]ssuming arguendo that the State could not prove that Pitman drove a vehicle within two hours of the intoxilyzer test, results of the intoxilyzer test would nevertheless be admissible in a case involving a charge of driving under the influence." We adhere to those decisions.

Section 39–20–07, N.D.C.C., provides for the admissibility of chemical tests to determine one's blood alcohol concentration:

"Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor, drugs, or a combination thereof, evidence of the amount of alcohol, drugs, or a combination thereof in the person's blood at the time of the act alleged as shown by a chemical analysis of the blood, breath, saliva, or urine is admissible. For the purpose of this section:

\* \* \* \* \* \*

"5. The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to administer the test issued by the state toxicologist...."

Section 39–20–07, N.D.C.C., eases the evidentiary requirements for admissibility of chemical test results while assuring that the tests are fairly administered. *State v. Schwalk*, 430 N.W.2d 317 (N.D.1988). "[T]he State Toxicologist has drafted Form 104 to be used when a blood sample is drawn for blood alcohol testing." *Id.*, at 322. Fair administration of a blood test may be shown "through proof that the Form 104 methods for collection and preservation of the blood sample were scrupulously complied with or through expert testimony establishing the scientific accuracy of the test." *Id.*, at 324. Soli has not challenged the methods used in collecting and preserving the blood sample. Soli stipulated at trial that Form 104, issued by the state toxicologist, was followed. Soli stipulated that the chemist who tested the blood sample followed all the proper procedures and followed the law. Thus, the sample was properly obtained, and the test was fairly administered and performed according to methods and with devices approved by the state toxicologist, in accordance with § 39–20–07, N.D.C.C., and our decisions on fair administration under the statute.

Soli's only challenge to the fair administration requirement for admissibility of the blood test result is the fact that the blood sample was obtained more than two hours after he drove a vehicle. Soli contends that the fair administration requirement of § 39–20–07(5), N.D.C.C., includes adherence to the two-hour limit contained in § 39–08–01(1)(a), N.D.C.C. The two-hour limit contained in that statute is merely a partial description of one of the prohibited acts constituting a violation. The two-hour limit of § 39–08–01(1)(a), N.D.C.C., has nothing to do with admissibility of chemical test results. Admissibility of chemical test results is governed by § 39–20–07, N.D.C.C., which does not condition admissibility of a chemical test result upon the test's performance within two hours of an arrested person's driving of a motor vehicle. In construing the fair administration requirement of § 39–20–07(5), N.D.C.C., we will not incorporate a time limit that the Legislature has not chosen to require. Thus, evidence of the result of a blood test taken more than two hours after driving is not inadmissible. It is insufficient evidence upon which to convict a defendant charged with violating § 39–08–01(1)(a), N.D.C.C. It may be sufficient evidence for the trier of fact to convict a defendant for violating § 39–08–01(1)(b), (c) or (d), N.D.C.C.

The judgment and the order denying Soli's motion for new trial are affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., concur.

Justice GIERKE, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.