CITY OF MANDAN, Plaintiff
and Appellant,

v.

Robbie Allan JEWETT, Defendant
and Appellee.

Cr. No. 930204.

Supreme Court of North Dakota.

June 15, 1994.

Janice Marie Lawhead, City Prosecutor, Mandan, for plaintiff and appellant.

Wayne D. Goter, Bismarck, for defendant and appellee.

SANDSTROM, Justice.

The City of Mandan appeals from a Morton County Court order dismissing a driving under the influence of intoxicating liquor charge against Robbie Allan Jewett. The county court dismissed the charge, concluding Jewett's right to counsel had been violated because the police had not allowed him to consult privately with his attorney.

We reverse and remand, holding the police gave Jewett a reasonable opportunity to consult with counsel in a meaningful way.

I

On April 8, 1993, Robbie Allan Jewett was involved in a traffic accident in Mandan. A Mandan police officer arrested Jewett for driving under the influence. The officer advised Jewett of his *Miranda* rights and of the implied consent statute. The officer requested Jewett submit to a blood test. Jewett asked to consult with a Fargo attorney by telephone before deciding whether to take the test. Because the Mandan Police Department lacked the capacity for placing long-distance phone calls in the evening, Jewett was allowed to call from a wall-mounted, outdoor pay phone, near the place of his arrest.

Jewett placed a collect call to his attorney in Fargo. The arresting officer and another officer were standing approximately six to eight feet from Jewett. On his attorney's instructions, Jewett asked the officers to give him privacy. The officers moved away from Jewett to approximately nine to twelve feet. Jewett requested the officers give him more privacy. The officers refused. Because of lack of privacy, Jewett's attorney refused to advise Jewett. Jewett refused to submit to chemical testing.

Jewett was charged in municipal court with driving under the influence of intoxicating liquor, in violation of Mandan Municipal Ordinance § 9–19–01, which parallels N.D.C.C. § 39–08–01. The case was removed to county court under N.D.C.C. § 40–18–15.1. Jewett moved to dismiss the

charge, claiming the arresting officers denied him the assistance of counsel by not allowing him to privately consult with his lawyer.

Following an evidentiary hearing, the county court issued the following order:

"The Defendant, through his testimony and affidavit[s], ... along with the courtroom demonstrations as to the ability to hear a conversation nine (9) and (12) feet away, proved that he was denied his constitutional and statutory rights to the assistance of counsel and his constitutional rights to due process of law by virtue of the fact that he was not afforded a private 'out-of-earshot' consultation with his attorney. Therefore, based on the reasons set forth in the Defendant's Brief in Support of Motion to Dismiss;

IT IS HEREBY ORDERED, that the Defendant's Motion to Dismiss is in all things granted."

The City appeals. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29–28–07(1). The appeal was timely under Rule 4(b), N.D.R.App.P.

## II

A trial court's conclusions of law are fully reviewable by this Court. *See Maragos v. Norwest Bank Minnesota, N.A.*, 507 N.W.2d 562, 565 (N.D.1993). A trial court's findings of fact disposing of a motion to suppress will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings. *City of Grafton v. Swanson*, 497 N.W.2d 421, 422 (N.D.1993). This standard of review recognizes the trial court's opportunity to weigh the credibility of witnesses and testimony presented. *Swanson; State v. Knudson*, 499 N.W.2d 872, 873 (N.D.1993).

## III

The trial court held Jewett was denied his constitutional and statutory rights to the assistance of counsel because he was not given an opportunity to privately consult with his attorney. This Court has never held that an accused, arrested for driving under the influence, has a *constitutional* right to counsel

before deciding whether to submit to alcohol testing. In *Kuntz v. State Highway Commissioner*, 405 N.W.2d 285, 287 (N.D.1987), a majority of this Court held an accused, arrested for driving under the influence, has a limited *statutory* right to contact an attorney before deciding whether to submit to alcohol testing. *See* N.D.C.C. § 29–05–20.

The parameters of the statutory right to counsel were further defined by this Court in *Bickler v. North Dakota State Highway Commissioner*, 423 N.W.2d 146 (N.D.1988). In *Bickler*, Henry Bickler challenged the revocation of his driver's license for failure to submit to alcohol testing. Bickler claimed his right to counsel had been violated because he was not allowed to meet in a private room with his attorney. The Department of Transportation argued that although Bickler was not allowed to meet with counsel in a private room, he was given an opportunity to meet with counsel out of police hearing. This Court recognized:

"When an arrestee consults with counsel, he must be allowed to do so in a meaningful way. A consultation would be meaningless if relevant information could not be communicated without being overhead. There is a right to privacy inherent in the right to consult with counsel. However, the degree of that privacy must be balanced against the need for an accurate and timely chemical test. *Farrell v. Municipality of Anchorage*, 682 P.2d 1128 (Alaska App.1984); *State Dept. of Public Safety v. Kneisl*, 312 Minn. 281, 251 N.W.2d 645 (1977)."

*Bickler* at 147. This Court held "when an arrested person asks to consult with counsel before electing to take a chemical test he must be given the opportunity to do so out of police hearing, and law enforcement must establish that such opportunity was provided." *Bickler* at 148. Applying the rule, this Court upheld the Department of Transportation's finding that Bickler had an opportunity to consult with counsel.

## IV

The City contends, based on the totality of the circumstances, Jewett was given an opportunity to consult with his attorney out

of police hearing. In support of its position, the City relies on the arresting officer's testimony that he could not hear Jewett's conversation with counsel. The City also challenges the relevance of Jewett demonstrating in court a conversation could be heard by an observer twelve-feet away. The City, however, did not object to the in-court demonstration. A party must object to evidence at the time it is introduced, or the objection is waived. *State v. Wishnatsky*, 491 N.W.2d 733, 734–35 (N.D.1992).

■ The arresting officer testified he was unable to hear Jewett's conversation with his attorney. Jewett testified that while talking in a normal conversational voice, the officers were able to hear him, and he was able to hear the officers. Resolving evidentiary conflicts in favor of affirmance, we conclude there is sufficient competent evidence fairly capable of supporting the trial court's finding the officers were able to hear Jewett.

## V

■ Determining the officers could hear Jewett's side of his conversation with counsel does not end the inquiry as to whether Jewett's statutory right to counsel was violated. In this context, Jewett's right to counsel is limited and involves a balance of his right to consult privately with counsel, and society's strong interest in obtaining important evidence. *Bickler* at 147; *see also Farrell v. Municipality of Anchorage*, 682 P.2d 1128, 1130 (Alaska App.1984). Under this balance, the police must guarantee an accused has a reasonable opportunity to talk privately with counsel. *Bickler; Kuntz*, 405 N.W.2d at 289. The reasonableness of the opportunity depends on the totality of the circumstances. *See Boyce v. Backes*, 488 N.W.2d 45, 47 (N.D.1992) (the standard for determining how long an accused has to contact an attorney before submitting to alcohol testing is reasonableness under the circumstances); *State v. Dressler*, 433 N.W.2d 549, 550 (N.D.App.1988) (the standard for determining if police have given an accused a sufficient opportunity for an independent alcohol test is reasonableness under the circumstances). The police are not required to guarantee an accused's conversations with

counsel are not overheard. *See Farrell* at 1130; *City of Grand Forks v. Soli*, 479 N.W.2d 872, 874 (N.D.1992) (the police did not violate accused's right to counsel when they remained in the accused's hospital room while the accused talked by telephone with his lawyer); *Pappas v. Municipality of Anchorage*, 698 P.2d 1236, 1239 (Alaska App. 1985) (the police did not violate the accused's right to counsel when officer stood eight to twelve feet away and could hear conversation only because accused was shouting); *State v. Lombard*, 146 Vt. 411, 505 A.2d 1182, 1184–85 (1985) (arresting officer's ability to overhear accused's telephone conversation with his attorney was not a violation of statutory right to counsel). The accused's right to privacy is not absolute. The police must constantly observe the accused to ensure the integrity of the alcohol test. *Bickler* at 147–48. Further, if an accused presents a security or flight risk, an officer may be justified in staying closer for security reasons. *Lombard*, 505 A.2d at 1184–85.

The appropriate inquiry is whether the police afforded Jewett a reasonable opportunity to consult with counsel in a meaningful way. *Lombard; State v. West*, 151 Vt. 140, 557 A.2d 873, 876 (1988); *Municipality of Anchorage v. Marrs*, 694 P.2d 1163, 1166 (Alaska App.1985). The test is objective, focusing on the totality of the circumstances. Neither the subjective beliefs of the accused, nor those of the police, control. *West*, 557 A.2d at 876.

In support of his position that the officers' proximity violated his right to counsel, Jewett relies on several Minnesota cases, including *Campbell v. Commissioner of Public Safety*, 489 N.W.2d 269, 271 (Minn.App.1992). The Minnesota Supreme Court, however, overruled the Minnesota Court of Appeal's decision in *Campbell. Commissioner of Public Safety v. Campbell*, 494 N.W.2d 268 (Minn.1992). Although Minnesota recognizes a limited constitutional right to counsel, *see Friedman v. Commissioner of Public Safety*, 473 N.W.2d 828 (Minn.1991), it does not require the police to provide a suspected drunk driver with a private telephone.

"'The right to counsel will be considered vindicated if the person is provided with a

telephone prior to testing and given a reasonable time to contact and talk with counsel.' ... [G]iven the limited nature of the right to counsel in this context, police do not have to provide a DWI arrestee with a private telephone because the arrestee's rights will be sufficiently protected by the subsequent exclusion of any overheard statements or any fruits of those statements."

*Campbell,* 494 N.W.2d at 269–70 (quoting *Prideaux v. State, Dept. of Public Safety,* 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976)). In *Campbell,* the Minnesota Supreme Court recognized the presence of a police officer when an accused talks with counsel may inhibit ·the accused. After noting officers must constantly observe the accused, the Court held:

"[W]e believe experienced attorneys will understand the situation and ask 'yes or no' questions that allow the attorneys to get the information they need to advise the arrestees properly."

*Campbell,* 494 N.W.2d at 270.

Jewett also cites to this Court's broad language in *Bickler. Bickler,* however, involved a face-to-face meeting between an accused and his attorney. In *Bickler,* this Court recognized that in situations involving face-to-face meetings between an accused and his attorney, a meaningful consultation can not occur when police can hear the discussion. In this case, Jewett and his attorney did not talk face to face, but by telephone. Here, the police could only hear Jewett's side of the conversation with counsel. We agree with the Minnesota Supreme Court in *Campbell,* when an accused talks with counsel by telephone, the accused's right to meaningfully consult with counsel before testing can be ensured by a lesser degree of privacy than in situations involving face-to-face meetings between an accused and counsel.

### VI

Under the totality of the circumstances, Jewett was given a reasonable opportunity to consult with his attorney in a meaningful way. The officers did not interfere with Jewett's attempt to consult with counsel. The officers made a telephone available and passively observed Jewett from nine to twelve feet away as he made his call. Jewett does not claim the officers inhibited, coerced, or restricted him while talking with his attorney. Jewett's sole complaint is that the officers stood too close, and based on their proximity, his attorney refused to advise him. The officers' proximity did not deny Jewett his right to counsel. Under the circumstances, the officers acted reasonably and gave Jewett an opportunity to consult with his attorney in a meaningful way. The arresting officer testified that neither he nor the other officer could hear Jewett. Anything the officers might have overheard would appropriately be suppressed. *See Campbell,* 494 N.W.2d at 269–70.

### VII

The order of the county court is reversed and this case is remanded for further proceedings.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.