2005 ND 206

Kjerstin Thora ERIKSMOEN,
Petitioner and Appellant

v.

DIRECTOR, NORTH DAKOTA DE-
PARTMENT OF TRANSPORTA-
TION, Respondent and Appellee.

No. 20050129.

Supreme Court of North Dakota.

Nov. 29, 2005.

Rehearing Denied Jan. 31, 2006.

Henry H. Howe (argued), Howe & Seaworth, Grand Forks, ND, for petitioner and appellant.

Andrew Moraghan (argued), Assistant Attorney General, and Zachary E. Pelham (appeared), Assistant Attorney General, Attorney General's Office, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Kjerstin Eriksmoen appeals from a district court judgment upholding a Department of Transportation's three-year revocation of Eriksmoen's driving privileges for refusing to take an intoxilyzer test. Eriksmoen argues she was denied an adequate opportunity to consult with her attorney. We affirm.

I.

[¶ 2] Eriksmoen was driving several passengers home from a wedding reception. Highway Patrol Officer Troy Hischer was following Eriksmoen when he noticed Eriksmoen turn on her right blinker in the right-turn-only lane, but then proceed to make a left turn on to 32nd Avenue in Grand Forks. Eriksmoen's car was stopped. As the officer approached, he smelled alcohol on Eriksmoen's breath and noticed one of the passengers had a case of beer in the back seat of the car. The officer asked Eriksmoen if she had been drinking. After admitting to drinking earlier that night at a wedding reception, Eriksmoen was given a field sobriety test. She failed the test. Officer Hischer then read the implied consent advisory set out in N.D.C.C. § 39–20–01 to Eriksmoen and asked her to submit to an onsite screening test. Eriksmoen refused and requested to speak to an attorney. Eriksmoen was arrested for driving under the influence of intoxicating liquor and taken to the Grand Forks Police Department. Officer Hischer allowed Eriksmoen to obtain her cell phone from the car and she called the son of attorney Henry Howe. While Eriksmoen was on the phone, she indicated she would take the onsite screening test. She gave a breath sample for the SD–2 test and failed the test.

[¶ 3] In the intoxilyzer room at the Grand Forks Police Department, Officer Hischer again read the implied consent advisory to Eriksmoen and asked if she would submit to an intoxilyzer test. She requested to make another phone call on a land line phone because her cell phone was dead. Before making the call, she was notified that her attorney, Henry Howe, had arrived at the police station.

[¶ 4] Howe requested a room where he could meet with his client in private. Officer Hischer stated he was required to keep constant observation of Eriksmoen and that no private room with an observation window was available. Officer Hischer offered to stand at the other end of the room "to be out of earshot, but so as to allow visual observation." Officer Hischer thought he would be about 20–25 feet away. The room was actually 21 feet long. Occasionally people, including other police officers, would walk through the room.

[¶ 5] Howe concluded a conversation in this room would not be adequate because he would not be able to consult with his client out of earshot of the police. Howe left the building without advising Eriksmoen whether she should submit to an intoxilyzer test. Eriksmoen refused to submit to the intoxilyzer test. A hearing officer determined that Eriksmoen's limited statutory right to consult with counsel was not violated. A district court judge reviewed and affirmed the hearing officer's decision. Eriksmoen's primary argument on appeal is that she was denied a reasonable opportunity to consult with an attorney in a meaningful way.

## II.

[¶ 6] Judicial review of a decision to suspend a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. This Court reviews the record before the administrative agency and will affirm an agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46; *Lee v. N.D. Dep't of Transp.*, 2004 ND 7, ¶ 8, 673 N.W.2d 245.

[¶ 7] In reviewing a license suspension, we give deference to the Department's findings. *Lee*, at ¶ 9. The Court determines "only whether a reasoning mind could have concluded the Department's findings were supported by the weight of the evidence from the entire record." *Id.*

[¶ 8] Starting with *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 290 (N.D.1987), a majority of this Court held that a person arrested for driving under the influence has a limited statutory right under N.D.C.C. ch. 39–20 to consult with counsel before deciding whether to submit to a chemical test. The right to consult with an attorney before taking a chemical test is derived from N.D.C.C. § 29–05–20. *State v. Sadek*, 552 N.W.2d 71, 73 (N.D. 1996). Section 29–05–20, N.D.C.C. requires that "any attorney at law entitled to practice in the courts of record of this state, at his request, may visit [an accused] person after his arrest."

[¶ 9] This Court has established a balancing test to evaluate whether the limited statutory right to consult with counsel has been violated: "The arrestee's right to consult privately with counsel must be balanced against society's strong interest in obtaining important evidence." *Wetzel v. N.D. Dep't of Transp.*, 2001 ND 35, ¶ 12, 622 N.W.2d 180. If a person arrested for driving under the influence is asked to submit to a chemical test and responds with a request to speak with an attorney, the failure to allow the arrested person a reasonable opportunity to contact an attorney prevents the revocation of her license for refusal to take the test. *Id.* The reasonableness of the opportunity to consult with counsel is viewed objectively in light of the totality of the circumstances. *City of Mandan v. Jewett*, 517 N.W.2d 640, 642 (N.D.1994).

[¶ 10] Eriksmoen correctly notes the facts in this case are very similar to *Bickler v. N.D. State Highway Comm'r*, 423 N.W.2d 146 (N.D.1988). In *Bickler*, a defendant requested to speak with his attorney "in a private setting." *Id.* at 147. The arresting officer refused to allow the defendant to consult with his attorney out of the officer's view. *Id.* The attorney left

the jail without asking Bickler any questions. *Id.* Bickler refused to take an intoxilyzer test and his license was revoked. *Id.* A hearing officer found Bickler had an "opportunity to consult with an attorney" but still refused to submit to the test. *Id.* The hearing officer revoked Bickler's driving privileges for one year. *Id.*

[¶ 11] The district court reversed and ruled that "a reasonable opportunity to consult with counsel required a free and open discussion between the attorney and client, for which a private room should be provided, if available." *Id.* This Court reversed the district court and affirmed the hearing officer holding that "when an arrested person asks to consult with counsel before electing to take a chemical test he must be given the opportunity to do so out of police hearing, and law enforcement must establish that such opportunity was provided." *Id.* at 148. Thus, under *Bickler*, a private room is not required.

[¶ 12] While Eriksmoen is correct in arguing the facts in *Bickler* are similar to her situation, Eriksmoen is incorrect in arguing *Bickler* supports her position. In this case, Eriksmoen had an opportunity to consult with her attorney, but her attorney insisted upon a private room. Because the officer believed a private room with an observation window was not available, the officer stated that he would stand at the other end of a 21–foot hallway while Eriksmoen discussed the situation with her attorney. This was unsatisfactory to her attorney. Whether the attorney was satisfied with the arrangements to consult with his client in private is not the relevant inquiry. As we explained in *Jewett*, the ability to consult only has to be reasonable. *Jewett*, 517 N.W.2d at 642. The reasonableness of the opportunity to consult with counsel is viewed objectively in light of the totality of the circumstances. *Id.*

[¶ 13] The hearing officer concluded Eriksmoen's "limited statutory right to consult with an attorney was afforded to her." Eriksmoen argues this finding is erroneous because a room 21 feet in length with officers walking nearby could not be "out of police hearing." While some of our previous cases have discussed distances, *see, e.g., City of Mandan v. Jewett*, 517 N.W.2d 640, 642 (N.D.1994), we have refused to hold a specific distance as being entirely reasonable or unreasonable. We believe the hearing officer's findings are supported from the record and are not clearly erroneous.

[¶ 14] Eriksmoen also argues her attorney exercised the only option he had by leaving because anything overheard by the police officers could be used against her. But this is a mistaken characterization of the law. Had an officer overheard the consultation about whether to take the test and attempted to use what he heard against Eriksmoen, the testimony would be inadmissible under *Jewett*, 517 N.W.2d at 643 (citing *Comm'r of Public Safety v. Campbell*, 494 N.W.2d 268, 269–70 (Minn. 1992)). The easiest solution would be to have the attorney speak quietly to his client. There is nothing in the administrative record to indicate that such communication would not be possible or adequate. "Simply put, the linchpin for determining if police have given an accused a meaningful opportunity for contacting an attorney is reasonableness under the circumstances." *State v. Berger*, 2001 ND 44, ¶ 18, 623 N.W.2d 25. We conclude that the agency's finding that Eriksmoen had a reasonable opportunity to consult with her attorney is supported by a preponderance of the evidence.

[¶ 15] Eriksmoen also argues, for the first time on appeal, she was denied due process at the license suspension hearing because the hearing officer had knowl-

edge of a previous case involving Eriksmoen. We decline to address this issue because it was raised for the first time on appeal. *Robert v. Aircraft Inv. Co.*, 1998 ND 62, ¶ 14, 575 N.W.2d 672; *Messer v. Bender*, 1997 ND 103, ¶ 10, 564 N.W.2d 291; *Christenson v. Job Service*, 399 N.W.2d 300, 303 (N.D.1987).

### III.

[¶ 16] The judgment of the district court is affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.