Richard GROSSMAN Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–10980.

Court of Appeals of Alaska.

Sept. 7, 2012.

---

**282**

Kenneth W. Cole, Kenai, for the Appellant.

Mary A. Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

MANNHEIMER, Judge.

Under the Alaska Supreme Court's decision in *Copelin v. State*, 659 P.2d 1206, 1212–14 (Alaska 1983), a person arrested for driving under the influence has the right to attempt to contact and consult an attorney before deciding whether to submit to a breath test. This appeal presents the question of whether a DUI arrestee has the right, under *Copelin*, to interrupt the administration of the breath test—not the 15-minute pre-testing observation period, but rather the actual testing process itself—to try to telephone an attorney. For the reasons explained here, we hold that a person's right to consult an attorney under *Copelin* does not include the right to interrupt the actual administration of the breath test.

*Underlying facts*

The defendant in this case, Richard Grossman Jr., was arrested for driving under the influence, and he was taken to a police station for a breath test. The arresting officer told Grossman at the start of the 15-minute observation period that he was free to use the telephone, but Grossman made no attempt to contact anyone.

After the 15-minute observation period was over, the officer began to administer the breath test to Grossman. Although Grossman ostensibly agreed to take the test, he would not close his lips around the air tube, and the testing machine reported that it had not received an adequate sample of Grossman's breath to run the test. The officer told Grossman that it appeared Grossman was purposely trying to avoid giving a breath sample.

After Grossman twice failed to provide an adequate breath sample, the officer read the "implied consent" warning to Grossman—apprising Grossman (1) that he was legally required to take the breath test, and (2) that the officer intended to charge Grossman with the additional crime of breath test refusal

unless Grossman provided an adequate breath sample on his next attempt.

At this point, Grossman announced that he wanted to consult an attorney. The officer replied that he would not allow Grossman to interrupt the administration of the breath test, but the officer assured Grossman that he would be given the opportunity to try to contact an attorney after the testing procedure was finished.

Grossman then blew a third time into the machine, but again he failed to provide an adequate breath sample. As a result, Grossman was charged with both DUI and breath test refusal.

(The officer then informed Grossman of his right to an independent blood test, but Grossman declined the blood test.)

*Grossman's claim on appeal*

■ In this appeal, Grossman argues that the officer violated his rights under *Copelin* when the officer refused to interrupt the administration of the breath test to let Grossman try to contact an attorney. But the *Copelin* decision itself declares that an arrestee's right to contact an attorney is "limited [to a] reasonable time and opportunity", 659 P.2d at 1211–12, and that the arresting officer is not required to allow an arrestee to exercise this right in a manner that "interfere[s] with the prompt and purposeful investigation of the case". *Id.* at 1212 n. 14. This is because the alcohol in a DUI arrestee's blood will normally be dissipating with the passage of time, and the government has an important interest in obtaining reliable evidence of the arrestee's blood alcohol level. *Id.* at 1211.

■ The *Copelin* decision states that an arrestee's request to try to contact an attorney during the mandatory 15–minute observation period is reasonable, since "no additional delay is incurred by acceding to a request to contact an attorney during that time." *Id.* at 1211. But requests made after the observation period is completed must be evaluated under the particular facts of the case. *Copelin* explains that the reasonableness of such requests "will depend on [such] circumstances ... as the amount of time between the stop and the [arrestee's] transportation to the station, when the request is made, and how much time is needed to set up the [breath] test." *Id.* at 1212.

■ Moreover, *Copelin* makes it clear that the police are not required to put the testing process on hold while the arrestee attempts to contact an attorney: "If [an] attorney cannot be contacted within a reasonable time[,] the [arrestee] must decide without the advice of counsel ... whether to take the [breath] test." *Ibid.*

The question, then, is whether a request to try to contact an attorney is "unreasonable", for purposes of *Copelin,* if the request is made after the observation period is completed and the officer is in the middle of the testing process. We believe that the supreme court answered this question in *Saltz v. Department of Public Safety,* 942 P.2d 1151 (Alaska 1997).

The defendant in *Saltz* was arrested for DUI after he drove his vehicle into a ditch, and he was transported to the trooper station for a breath test.[1] Upon his arrival, Saltz asked to speak to an attorney.[2] The arresting trooper provided Saltz with a telephone and a copy of the Yellow Pages opened to the "attorneys" section, but Saltz told the trooper that he was unable to read the directory listings without his glasses.[3] The trooper responded that he was not permitted to do more than offer Saltz a telephone, the Yellow Pages, and the opportunity to speak with an attorney in private (if Saltz was successful in contacting one).[4]

Saltz then asked the trooper if he could borrow a pair of glasses, or if the trooper could wait to administer the breath test until someone could retrieve Saltz's glasses from his vehicle (which was still at the scene of the accident).[5] The trooper told Saltz that he had no glasses to give him, and that he would

---

1. *Saltz,* 942 P.2d at 1151.

2. *Id.* at 1152.

3. *Ibid.*

4. *Ibid.*

5. *Ibid.*

not delay the breath test. The trooper said that Saltz could use his own glasses, but only if they arrived in time.[6] After this exchange, Saltz sat beside the telephone, but he did not attempt to use it.[7]

The trooper waited for the 15–minute observation period, and then he administered the breath test to Saltz.[8] Based on the result of that test, and the corroborating result of an ensuing blood test, the Division of Motor Vehicles revoked Saltz's driver's license.[9]

On appeal, Saltz argued that the trooper violated his rights under *Copelin* by failing to provide a pair of reading glasses or (alternatively) reading the Yellow Pages aloud to Saltz, or at least giving Saltz the telephone number of the Alaska Public Defender Agency, or suggesting that Saltz call a relative or friend who might then assist him in locating an attorney. *Saltz,* 942 P.2d at 1152–53.

The supreme court rejected Saltz's *Copelin* claim on two bases. First, the supreme court concluded that "[the trooper's] reluctance to help Saltz, while perhaps overly cautious, was far from the 'flat refusal to afford access to counsel after it is requested' that the exclusionary rule of *Copelin* was designed to discourage." *Id.* at 1154. Second, the supreme court declared that the right to contact counsel announced in *Copelin* "did not require any delay other than the fifteen-minute observation period already required prior to administration of the test." *Id.* at 1153.

This second basis for the decision in *Saltz* causes us to reject Grossman's claim of *Copelin* error. Upon his arrival at the station, Grossman was offered a telephone and the opportunity to call whomever he wished. Grossman made no attempt to contact anyone—and, in particular, Grossman never expressed a desire to contact an attorney—until (1) after the trooper had completed the mandatory 15–minute observation period and (2) the trooper was actively engaged in administering the breath test.

Because of the government's substantial interest in obtaining a reliable reading of a DUI arrestee's blood alcohol level, and because the arrestee's blood alcohol level is normally falling with the passage of time, *Copelin* itself declares that an officer is not required to honor an arrestee's request to try to contact an attorney if the arrestee's request "interfere[s] with the prompt and purposeful investigation of the case". *Copelin,* 659 P.2d at 1212 n. 14. And *Saltz* declares that *Copelin* does not require "any delay other than the fifteen-minute observation period already required prior to administration of the test." *Saltz,* 942 P.2d at 1153.

Combining these two precepts, we conclude that, because Grossman was given the opportunity to contact an attorney throughout the 15–minute observation period that preceded the breath test, *Copelin* did not give Grossman the right to wait until the observation period was concluded and then interrupt the actual administration of the breath test. Conceivably, if the trooper had not begun to administer the breath test immediately upon the expiration of the observation period, it might still have been "reasonable" (under *Copelin* ) for Grossman to request the opportunity to try to contact an attorney at that time. We do not decide that issue. But we hold that after the trooper began to actively administer the breath test to Grossman, Grossman had no right under *Copelin* to interrupt the testing procedure. The trooper correctly told Grossman that he would have to wait until after the testing procedure was concluded before trying to contact an attorney.

It is true, as Grossman points out, that he had a difficult choice to make when, in the middle of the testing, the trooper accused him of purposely failing to provide an adequate breath sample, and when the trooper announced that he intended to charge Grossman with the additional crime of breath test refusal unless Grossman's next breath sample was adequate. But the fact that Grossman faced a difficult choice does not mean

6. *Ibid.*

7. *Ibid.*

8. *Ibid.*

9. *Ibid.*

that he had the right to interrupt the testing procedure to try to contact an attorney.

As the supreme court noted in *Copelin*, "[if an] attorney cannot be contacted within a reasonable time[,] the [arrestee] must decide without the advice of counsel ... whether to take the [breath] test." 659 P.2d at 1212. Grossman's case is different from the situation presented in *Copelin*, in that Grossman was not trying to decide whether to take the breath test. Grossman had *already agreed* to take the breath test (at least ostensibly). Instead, the choice Grossman faced was whether to persist in attempting to circumvent the test by purposely providing an inadequate breath sample. (Grossman was ultimately found guilty of breath test refusal based on this conduct.)

But the principle is the same: because Grossman did not ask to call an attorney until after a reasonable time for trying to contact an attorney had expired, he was obliged to make this decision without the advice of counsel.

*Conclusion*

The judgement of the district court is AFFIRMED.